UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEAUTY SOLUTIONS, LTD.,

                              Plaintiff,

            -against-

18ACTIVES LLC, ALLUXE SKINCARE
LLC, SCUPT LLC, SCULPT BODY LLC,
SCULPT FACE BODY LLC, SCULPT FACE
LLC, KIRA LABS, INC., AND DAVID H.
ROSEN

                              Defendant.

Civil Action No. 16-cv-9888

**COMPLAINT**

<u>**TRIAL BY JURY DEMANDED**</u>

Plaintiff, BEAUTY SOLUTIONS, LTD. ("Plaintiff"), by and through its undersigned attorneys Meister Seelig & Fein LLP, for its Complaint against Defendants, 18actives LLC ("18actives"), Alluxe Skincare LLC ("Alluxe Skincare"), Sculpt LLC ("Sculpt"), Sculpt Body LLC ("Sculpt Body"), Sculpt Face Body LLC ("Sculpt Face Body"), Sculpt Face LLC ("Sculpt Face"), Kira Labs, Inc. ("Kira Labs"), and David H. Rosen ("Rosen") (each individually a "Defendant" and collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      In this action, Plaintiff seeks injunctive relief, lost profits, damages, costs, and attorneys' fees for Defendants' acts of breach of contract and unjust enrichment, and of willful trademark infringement, trade dress infringement, and unfair competition under the Lanham Act and common law and statutes of the State of New York.

<u>**JURISDICTION AND VENUE**</u>

2.      This Court has original jurisdiction of this action pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332

(diversity of citizenship), 28 U.S.C. §1338 (a) (acts of Congress relating to trademarks), 28 U.S.C. §1338 (b) (pendant unfair competition claims) and 28 U.S.C. §1367 (supplemental jurisdiction over state claims).

3.     Upon information and belief, Defendants regularly and systematically contract to supply goods and transact business in New York and within this judicial district, and the acts of Defendants complained of in this Complaint, including, without limitation, the sale of Defendants' infringing goods, have been and continue to be committed, and have caused harm to Plaintiff within this judicial district, and thus this Court has jurisdiction over Defendants.

4.     This Court additionally has jurisdiction over Defendants pursuant to the Settlement and Release Agreement between Beauty Solutions, Ltd. and Kira Labs, Inc., Fine Health & Beauty LLC, and David H. Rosen ("Settlement Agreement"). The claims alleged herein arise, in part, out of the acts of Defendants committed in breach of the Settlement Agreement.

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

**<u>THE PARTIES</u>**

6.     Plaintiff is a domestic business corporation duly organized and existing under the laws of the State of New York, having its principal place of business in New York, New York.

7.     Upon information and belief, Defendant 18actives is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2122 Blount Road, Pompano Beach, Florida.

8.     Upon information and belief, Defendant Alluxe Skincare is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2122 Blount Road, Pompano Beach, Florida.

9.     Upon information and belief, Defendant Sculpt is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2122 Blount Road, Pompano Beach, Florida.

10.    Upon information and belief, Defendant Sculpt Body is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2122 Blount Road, Pompano Beach, Florida.

11.    Upon information and belief, Defendant Sculpt Face Body is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2122 Blount Road, Pompano Beach, Florida.

12.    Upon information and belief, Defendant Sculpt Face is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2122 Blount Road, Pompano Beach, Florida.

13.    Upon information and belief, Defendant Kira Labs is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 2122 Blount Road, Pompano Beach, Florida.

14.    Upon information and belief, Defendant Rosen resides at 7628 Stockton Terrace, Boca Raton, Florida, is the President and CEO or a principal of all other Defendants, and owns and/or operates a number of business entities which are or purport to be involved in the same or similar business as Defendants 18actives, Alluxe Skincare, Sculpt, Sculpt Face, Sculpt Face Body, Sculpt Body, and Kira Labs, including Naturalskinshop, Inc., Mayts, Inc., Fine Health and Beauty LLC ("FHB"), and Smashyn Inc. (18actives, Alluxe Skincare, Sculpt, Sculpt Face, Sculpt Face Body, Sculpt Body, Kira Labs, FHB, Naturalskinshop, Mayts, and Smashyn being referred to herein collectively as the "Rosen Entities").

15.    Upon information and belief, the Rosen Entities are related to Kira Labs and Rosen at least as affiliates.

## GENERAL ALLEGATIONS

**Plaintiff's Trade Dress and Trademark**

16.    Plaintiff is in the business of, *inter alia*, researching the beauty marketplace to develop original brands and products, and producing, manufacturing, distributing, marketing, and selling skincare products.

17.    Among Plaintiff's products is a line of retinol-containing skin care products.

18.    Included in the line of retinol-containing skin care products including without limitation a day cream, a night cream, a facial serum, and ten other products ("Plaintiff's Products").

19.    Plaintiff is the owner of United States Trademark Registration No. 4,458,032 for the composite mark which is comprised of the word "RETINOL" placed in a shaded maroon/burgundy rectangle with white lettering in all capitals in a block font with a white horizontal line running inside and across the bottom of the rectangle (the "Trademark").  A copy of the Trademark is attached as Exhibit A.

20.    In addition, Plaintiff's Products are sold in distinctive packaging consisting of distinctive retail boxes and primary components that prominently feature the use of its Trademark maroon/burgundy colored rectangular bar extending horizontally along the top of contrasting white or other light colored packaging and having words in white font including the prominent use of the word "RETINOL" within the colored bar in all capitals in a block font.  The overall visual impression created by the packaging is the Product's trade dress (the "Trade Dress").  A copy of sample products illustrating Plaintiff's Trade Dress is attached as Exhibit B.

21.     Plaintiff used the Trademark and Trade Dress in interstate commerce prior to any of the acts of Defendants complained of herein, and the Trademark and Trade Dress are currently in such use.

22.     Plaintiff's use of the Trademark and Trade Dress have been open, notorious, and continuous since the date of first use, a time prior to any of the acts of Defendants complained of herein.

23.     Plaintiff has vigorously defended its Trademark and/or Trade Dress, including but not limited to at least two occasions in which Plaintiff forced third parties to agree to change their packaging without resorting to litigation and at least three instances in which Plaintiff brought an action to enforce its rights.

24.     One such action was the case of *Beauty Solutions, Ltd. v. CRE L.L.C.*, 12 civ 8498 (S.D.N.Y.), which resulted in the defendant in that action changing its packaging, as indicated in the before and after pictures attached hereto as the first and second pages, respectively, in Exhibit C.

25.     A second such action was the case of *Beauty Solutions, Ltd. v. Concept Laboratories, Inc.*, 14 civ 01703 (S.D.N.Y.), which again resulted in the defendant in that action changing its packaging, as indicated in the before and after pictures attached hereto as the first and second pages, respectively, in Exhibit D.

26.     A third such action was the case of *Beauty Solutions, Ltd. v. Kira Labs, Inc. et al.*, 1:16-cv-00921 (S.D.N.Y.), which resulted in the defendants, including Defendants Kira Labs and Rosen, agreeing on behalf of themselves and their affiliates and other related entities, to change their packaging pursuant to the Settlement Agreement. The changes in the packaging for a retinol product are indicated in the before and after pictures attached hereto as the first and second

pages, respectively, in Exhibit E. Notwithstanding the changes in the packaging for some products, Plaintiff discovered that Defendants Kira Labs and Rosen, directly and/or through their affiliates, continue to sell other retinol based products which infringe Plaintiff's rights including those identified herein.

**Plaintiff's Trademark and Trade Dress are inherently distinctive**

27.     The Trademark and Trade Dress, including the shape, color choices, font, and arrangement of elements on the packaging, were selected from an essentially limitless number of possibilities.

28.     The Trademark and Trade Dress are not functional and the specific font, maroon/burgundy and white color scheme, and arrangement of elements on the packaging chosen by Plaintiff have no significance in the industry.

29.     Other manufacturers of competitive products do not use the combination of elements of the Trademark and Trade Dress as described herein in their packaging for skin care products containing retinol, as shown by examples attached hereto as Exhibit F, including the last page of Exhibit F containing a photograph of a retail store location having Plaintiff's Products on or near other retinol-containing products sold by other companies.

30.     As shown by the above, the attached exhibits, and other facts, the Trademark and Trade Dress are inherently distinctive.

**Plaintiff's Trademark and Trade Dress have acquired secondary meaning**

31.     Plaintiff first used the Trademark and Trade Dress in commerce at least as early as September 30, 2008.

32.     The Trademark and Trade Dress have been used consistently since their introduction.

33.     The Trademark and Trade Dress have been used in the packaging, magazine advertising and coupons for the Plaintiff's Products since 2008.

34.     Plaintiff has expended about $1,500,000.00 on advertising of Plaintiff's Products in the United States featuring the Trademark and Trade Dress.

35.     Plaintiff's Products, using the Trademark and Trade Dress, have enjoyed commercial and critical success.

36.     Plaintiff's Products, using the Trademark and Trade Dress, have generated over $40,000,000.00 in net wholesale sales in the United States since 2008 through the sale of over 3,500,000 units.

37.     In 2009 Plaintiff's Products were being sold in about 2,000 separate retail store locations, websites, and mail order catalogs.  By 2016, Plaintiff's Products were being sold in over 6,000 separate retail store locations, websites, and mail order catalogs.

38.     Plaintiff's Products, using the Trademark and Trade Dress, have been featured in articles or spreads in at least Health, Oprah.com, Ladies' Home Journal, and In Style Magazine.

39.     Because of Plaintiff's exclusive and extensive use and promotion of the Trademark and Trade Dress in connection with the sales of the Plaintiff's Products, the public and the trade recognize products with the Trademark and Trade Dress as emanating from a single source of origin, namely, Plaintiff.

40.     Plaintiff's Trademark and Trade Dress have built and acquired secondary meaning and extensive good will.

**The 2016 *Kira Labs* Litigation and the Settlement Agreement**

41.      In November 16, 2015, Plaintiff notified Defendants Rosen and Kira Labs of its rights including in its Trademark and Trade Dress and identified products being sold by such

Defendants as infringing such right.  Defendants Rosen and Kira Labs continued selling the products identified as infringing after that date despite being so notified.

42.    Plaintiff commenced suit against Defendants Rosen and Kira Labs as well as FHB ("Previous Defendants") on February 6, 2016, alleging, *inter alia*, willful trademark infringement, trade dress infringement, false designation of origin, false descriptions, unfair competition, deceptive trade practices, false advertising, and intent to deceive under the Lanham Act and common law and statutes of the State of New York. *Beauty Solutions, Ltd. v. Kira Labs, Inc. et al.*, 1:16-cv-00921, Dkt. 1 (S.D.N.Y. Feb. 6, 2016).

43.    After litigation had commenced, Plaintiff and Previous Defendants reached an agreement-in-principle to settle all claims in the litigation and entered into the Settlement Agreement. *Beauty Solutions, Ltd. v. Kira Labs, Inc. et al.*, 1:16-cv-00921, Dkt. 22 (S.D.N.Y.).

44.    In the Settlement Agreement, Previous Defendants agreed, on behalf of themselves and their parents, subsidiaries, affiliates and other related entities, to cease selling any retinol product in a manner that, among others, infringes the Beauty Trade Dress or Beauty Trademark.

**Defendants' Post-Settlement Agreement Sale of Infringing Products**

45.    Defendants manufacture and sell cosmetics and skin care products.  Upon information and belief, Defendant Rosen is believed to control, own, and/or operate a variety of shell entities, including Rosen Entities, to produce private label products.  Such private label products are sold under brands include "Sculpt," "Ganique," "18actives," "Medyskin," and "Alluxe Skincare."

46. Upon information and belief, Defendants 18actives, Alluxe Skincare, Sculpt, Sculpt Face, Sculpt Face Body, and Sculpt Body were created by Defendant Rosen on or around March 9, 2016 to operate as shell entities and alter egos of Defendants Rosen and/or Kira Labs.

47. Among Defendants' products is a line of retinol-containing skin care products, including retinol-containing products and retinol serums.

48. Upon information and belief, Defendants 18actives and Kira Labs private labeled their retinol-containing products that result in the retinol product illustrated in Exhibit G and retinol night cream product illustrated in Exhibit H. Defendant Alluxe Skincare private labeled its retinol-containing products that result in the retinol product illustrated in Exhibit I. Defendants Sculpt, Sculpt Face, Sculpt Face Body, and Sculpt Body private labeled their retinol-containing products that result in the retinol product illustrated in Exhibit J ( all products referred to as "Defendants' Products" or "Infringing Products").

49. As shown in Exhibits G, H, I, and J, the Infringing Products utilize a color scheme, font and arrangement of elements that mimic and are substantially indistinguishable from the distinctive elements of Plaintiff's Trademark and Trade Dress. These include the use of a maroon/burgundy colored rectangular bar extending horizontally contrasted against white or substantially similar light color packaging and the prominent use of the word "RETINOL" on the packaging. These further include the use of a maroon/burgundy colored bottle displayed on the packaging which also has the prominent use of the word "RETINOL" in white font on the maroon/burgundy rectangular bar.

50. As also shown in Exhibits G, H, I, and J, the Infringing Products utilize a color scheme, font and arrangement of elements that are explicitly prohibited by the Settlement Agreement, in that the Infringing Products are packaged in a manner that is confusingly similar

to or infringing the Trademark or Trade Dress. Exhibit K further illustrates this by showing the Infringing Product from Exhibit J side by side with the product Previous Defendants had agreed to stop selling, on behalf of themselves and their affiliates including all Defendants.

51.     Notwithstanding their obligations under the Settlement Agreement, Defendants have sold and/or are continuing to sell the Infringing Products through a number of brick and mortar stores, web sites and catalogues including, without limitation, TJ Maxx.

52.     Defendants have knowledge of Plaintiff's Trademark and Trade Dress through the previous *Beauty Solutions, Ltd. v. Kira Labs, Inc. et al.*, 1:16-cv-00921 (S.D.N.Y.) litigation and the Settlement Agreement. Defendants have continued selling the Infringing Products despite having this knowledge.

53.     Upon information and belief, Defendants are willfully and intentionally using the distinctive elements of Plaintiff's Trademark and Trade Dress on the Infringing Products with the purpose and intent of causing consumer confusion.

54.     Defendants are using the distinctive elements of Plaintiff's Trademark and Trade Dress on the Infringing Products without the authorization or consent of Plaintiff, or otherwise in breach of the Settlement Agreement.  These distinctive elements include, without limitation, the use of a rectangular bar having a color substantially similar to the maroon/burgundy bar in Plaintiff's Trademark and Trade Dress extending horizontally along the top of contrasting white packaging and having the prominent use of the word "RETINOL" in all capitals in a block font.

55.     Defendants continued the use of the distinctive elements of Plaintiff's Trademark and Trade Dress on the Infringing Products after Plaintiff built up extensive and valuable business and goodwill in connection with the Trademark and Trade Dress.

56.     Upon information and belief, Defendants' Products are of inferior quality to Plaintiff's Products.

57.     Defendants' actions, including the offer for sale, promotion, and sale of the Infringing Products, have breached the Settlement Agreement, infringed upon and diluted Plaintiff's Trademark and Trade Dress, and injured and interfered with Plaintiff's relationships with its suppliers, distributors, and customers.

**Consumers are likely to confuse the Infringing Products with Plaintiff's Products**

58.     The Infringing Products contain packaging and a label which are confusingly similar to and substantially indistinguishable from Plaintiff's Trademark and Trade Dress.

59.     Plaintiff and Defendants are engaged in the business of selling the same type of goods, namely retinol-containing creams and oils, aimed at the same class of customers, and distributed through the same channels of trade.

60.     Plaintiff's Products have a retail price point ranging from $8.00 to $26.00.

61.     The Infringing Products were and are being offered for sale at TJMaxx stores in New York ranging from $5.99 to $9.99.

62.     Plaintiff's Products are sold in discount department stores such as TJ Maxx and Marshall's, beauty stores, and pharmacies, and through websites and mail order catalogues.

63.     The vast majority of sales of Plaintiff's Products in stores are self-service, off the shelf.  Even when Plaintiff's Products are sold in higher-end stores, they are in the self-service section of those stores.  Web based and catalogue sales of Plaintiff's Products are usually done without sales assistance.

64.     Similarly, upon information and belief, the sales of Defendants' Products in stores are generally self-service and off the shelf, and the web based and catalogue sales of Defendants' Products are usually done without sales assistance.

65.     Upon information and belief, Plaintiff's Products and the Infringing Products can be found side-by-side on store shelves.   Exhibit L illustrates side-by-side placements of Plaintiff's Products and some of the Infringing Products on a store shelf.

66.     Plaintiff's Products bearing its Trademark and Trade Dress and Defendant's Products bearing the distinctive elements of Plaintiff's Trademark and Trade Dress have been and continue to be sold in the same stores and/or on the same websites.

67.     For at least these reasons, numerous ordinary prudent consumers are likely to confuse Defendants' Products with Plaintiff's Products.

**Defendant Rosen's Liability Including by Piercing the Corporate Veil**

68.     Defendant Rosen owns and operates a number of different corporate entities in the same or similar lines of business, including Defendants 18actives, Alluxe Skincare, Sculpt, Sculpt Face, Sculpt Face Body, Sculpt Body, and Kira Labs as well as Rosen Entities.

69.     Rosen has created, organized and operated, and continues to operate, the Rosen Entities as mere tools or business conduits to sell Defendants' Products to avoid the Settlement Agreement entered in good faith and escape liability for the wrongful acts committed by, through or using the Rosen Entities.

70.     Upon information and belief, Rosen has a financial interest in, ownership of and/or control over the Rosen Entities.

71.     Rosen was a party to the Settlement Agreement and agreed on behalf of himself and his affiliates, among other things, not to sell Infringing Products.

72.     At least one of Defendants 18actives, Alluxe Skincare, Sculpt, Sculpt Face, Sculpt Face Body, Sculpt Body, and Kira Labs are shell entities that operate as the alter ego for Defendant Rosen. There is such unity among the Rosen Entities given, among other things, the manner in which Defendants obfuscate the source of Defendants' Products, that the separateness of the Rosen Entities and Rosen has ceased and holding only one or more of the Rosen Entities liable and not Rosen himself would result in an injustice.

73.     Rosen created, organized, operated and continues to operate the Rosen Entities including Defendants 18actives, Alluxe Skincare, Sculpt, Sculpt Face, Sculpt Face Body, Sculpt Body, and Kira Labs to evade responsibility for their wrongful acts including the manufacture and sale of Defendants' Products.

## COUNT I
## Direct Infringement of a Federally Registered Trademark

74.     Plaintiff re-alleges and incorporates by reference the allegations recited in paragraphs 1 through 75 of this Complaint as if fully incorporated herein.

75.     Defendants' activities, as alleged, constitute infringement of Plaintiff's Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.  In particular, Defendants' offering for sale, sale, distribution and/or advertising of the Infringing Products constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Trademark on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

76.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the

goodwill associated with its registered mark, including diversion of customers from them, lost sales and lost profits, and Defendants have been and will continue to be unjustly enriched.

77.     Plaintiff has no adequate remedy at law.

## COUNT II
### Contributory Infringement of Trademark and Trade Dress

78.     Plaintiff re-alleges and incorporates by reference the allegations recited in paragraphs 1 through 79 of this Complaint as if fully incorporated herein.

79.     The brick and mortar stores, web sites, and catalogues which carry the Infringing Products, including those identified above, are infringing on Plaintiff's Trademark and Trade Dress, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

80.     Defendants' activities, as alleged, constitute contributory infringement in that Defendants have induced the brick and mortar stores, web sites and catalogues which carry the Infringing Products, including those set forth above identified as selling the Infringing Products, to infringe on Plaintiff's Trademark and Trade Dress, and have continued to supply the Infringing Products to these establishments knowing or with reason to know these establishments are engaging in trademark infringement.

81.     Defendants have done so by, among other things, providing the Infringing Products to these establishments for sale to the general public despite knowing Plaintiff's Trademark and Trade Dress through the *Beauty Solutions, Ltd. v. Kira Labs, Inc. et al.*, 1:16-cv-00921 (S.D.N.Y.) litigation, the Settlement Agreement, and that these products infringe on Plaintiff's Trademark and Trade Dress.

82.     Defendants' contributory infringement is willful, intentional, purposeful and in disregard of the rights of Plaintiff, and is on-going.

<u>**COUNT III**</u>
<u>**Common Law Trade Dress Infringement and Unfair Competition**</u>

83.     Plaintiff re-alleges and incorporates by reference the allegations recited in the paragraphs 1 through 84 of this Complaint as if fully incorporated herein, including the description of the distinctive elements, and the use by and value to Plaintiff, of Plaintiff's Trade Dress as recited in paragraphs 20-40 of this Complaint.

84.     The acts of Defendants infringe the Trade Dress, and constitute trade dress infringement, in violation of the common law of the State of New York.

85.     Defendants misappropriated Plaintiff's Trade Dress, took advantage and made use of Plaintiff's efforts and good will, and have otherwise unfairly competed with Plaintiff, in violation of the common law of the State of New York.

86.     Defendants intentionally and willfully infringed and misappropriated Plaintiff's Trade Dress, took advantage and made use of Plaintiff's efforts and good will, and otherwise unfairly competed with Plaintiff with the intent of causing confusion, mistake and deception as to the source of the Infringing Products, and with the intent to palm-off Defendants' Products as those of Plaintiff.  As such, Defendants have committed unfair competition in violation of the common law of the State of New York.

87.     The foregoing acts of Defendants have injured and will continue to injure Plaintiff by depriving it of sales of Plaintiff's Products, by injuring its business reputation, and by passing off Defendants' Infringing Products contained therein as Plaintiff's Products, all in violation of the common law of the State of New York.

88.     Defendants' acts of common law trade dress infringement and unfair competition have caused irreparable harm and damage to Plaintiff and have caused Plaintiff monetary

damage in an amount thus far not determined, for which Plaintiff is entitled to its actual damages, Defendants' profits, punitive damages, and attorneys' fees and costs.

89.     Plaintiff has no adequate remedy at law.

**COUNT IV**
**Breach of Contract**
*Against Defendants Kira Labs and Rosen*

90.     Plaintiff re-alleges and incorporates by reference the allegations recited in paragraphs 1 through 91 of this Complaint as if fully incorporated herein.

91.     Plaintiff has upheld the terms and performed all of its obligations under the Settlement Agreement.

92.     Defendants Kira Labs and Rosen contractually agreed in the Settlement Agreement that they would not, in the future, sell, distribute, advertise, solicit, accept and fill orders for retinol products packaged in a manner that is confusingly similar to or infringes the Trademark and Trade Dress.

93.     Defendants Kira Labs and Rosen have materially breached the Settlement Agreement by directly, or indirectly through shell entities such as Defendants 18actives, Alluxe Skincare, Sculpt, Sculpt Face, Sculpt Face Body, and Sculpt Body, offering for sale, selling, distributing and/or advertising the Infringing Products that constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Trademark on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

94.     Defendants Kira Labs' and Rosen's breach of the Settlement Agreement by and through the means set forth above was willful, intentional, and deliberate.

95.     As a result of Defendants Kira Labs' and Rosen's material breach of the Settlement Agreement, Plaintiff suffered irreparable harm and monetary damage in an amount

16

thus far not determined, for which Plaintiff is entitled to its actual damages, Defendants' profits, and attorneys' fees and costs.

96.     Plaintiff has no adequate remedy at law.

## COUNT V
## Unjust Enrichment
### *Against Defendants Kira Labs and Rosen*

97.     Plaintiff re-alleges and incorporates by reference the allegations recited in paragraphs 1 through 98 of this Complaint as if fully incorporated herein.

98.     If the Settlement Agreement is void and unenforceable, Defendants Kira Labs and Rosen were enriched at Plaintiff's expense as a result of their offers of sale, sale, distribution and/or advertising of the Infringing Products, while failing to be bound by the restriction of the Settlement Agreement.

99.     Equity and good conscience militate against Defendants Kira Labs and Rosen retaining the profits and other benefits they gained from their offers of sale, sale, distribution and/or advertising of the Infringing Products, without being bound by their obligations under the Settlement Agreement.

100.    Plaintiff has been damaged as a result of Defendants Kira Labs' and Rosen's wrongful conduct or other behavior described herein and is entitled to an award of damages, including a disgorgement of Defendants' profits received in connection with their unjust enrichment.

## COUNT VI
## Direct and Vicarious Liability to All Counts
### *Against Defendant Rosen*

101.    Plaintiff re-alleges and incorporates by reference the allegations recited in paragraphs 1 through 102 of this Complaint as if fully incorporated herein.

102.   Defendant Rosen is jointly and severally liable with all other Defendants under all counts of the Complaint.

103.   Defendant Rosen has intentionally induced Rosen Entities to offer to sell, sell, distribute and/or advertise the Infringing Products that constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Trademark on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

104.   Defendant Rosen has breached or caused Rosen Entities to commit material breach of the Settlement Agreement.

105.   Defendant Rosen, through his actions as President and CEO and/or a principal of all other Defendants, is directly, vicariously, and contributorily liable for all acts of infringement, breach of contract, and other violations of law alleged in this Complaint.

## <u>TRIAL BY JURY DEMANDED</u>

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A.   That Defendants' conduct willfully infringes the Trademark and Trade Dress, falsely designates the origin of Defendants' Products contained therein, falsely describes such products and unfairly competes with Plaintiff, in violation of Lanham Act §32, 15 U.S.C. §1114, Lanham Act §43(a), 15 U.S.C. §1125, and the common law of the State of New York.

B.   That Defendants Kira Labs and Rosen breached the Settlement Agreement with Plaintiff or otherwise were unjustly enriched by their wrongful conduct.

C.   That an injunction be issued restraining Defendants and its agents, officers, directors, servants, employees, their successors and assigns, and all others in active concert or participation including the Rosen Entities preliminary and permanently from directly or indirectly:

    i.    Using the Trademark or Trade Dress, or any trade dresses, marks, or labels which are similar to or are colorable imitations of the Trademark or Trade Dress, alone or as a part of, or together with any other designs, artwork, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design in conjunction with the sale, offering for sale, advertising, distributing or promoting of Defendants' Products or any skin care products related thereto;

    ii.    Representing by words or conduct that the Infringing Products are authorized, licensed, sponsored by, endorsed by, or otherwise connected with Plaintiff;

    iii.    Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done, amounts to trademark or trade dress infringement of the Trademark or Trade Dress, whereby wholesalers, retailers and/or consumers of such products are deceived into believing that Defendants' Products, or the products contained therein, emanate from Plaintiff or from a company that is sponsored, authorized, or endorsed by Plaintiff;

    iv.    Taking any action that is likely to put others in a position to sell or palm-off the products of Defendants as the products of Plaintiff or to unfairly compete with Plaintiff; and

    v.    Otherwise unfairly competing with Plaintiff or committing infringement of Plaintiff rights.

D.    That the Court issue an Order directing Defendants:

     i.    To immediately deliver to Plaintiff, under oath and for destruction, all packaging, boxes, and/or containers, which are similar to and/or a colorable imitation of the Trademark or Trade Dress, in the possession, custody, or control of Defendants;

    ii.    To immediately deliver to Plaintiff, under oath and for destructions, all advertisements, promotional materials, printing devices, catalogs, and/or all of the things that contain images of packaging which are similar to and/or a colorable imitation of the Trademark or Trade Dress, in the possession, custody, or control of Defendants;

   iii.    To file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction.

E.    That the Court hold Defendant Rosen personally, directly, vicariously, and contributorily liable for the damages and wrongful conduct complained of herein.

F.    That the Court award judgment in favor of Plaintiff for the damages sustained by Plaintiff and the profits made by Defendants as a result of Defendants' wrongful conduct, breach of contract, and unjust enrichment.

G.    That the Court award judgment in favor of Plaintiff in the amount of statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. §1117(c).

H.    That the Court award judgment in favor of Plaintiff in the amount of treble damages and prejudgment interest pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

I.    That the Court award compensatory and punitive damages to Plaintiff in an amount to be determined.

J.      That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

K.      That the Court require a full and complete accounting of all monies received by Defendants as a result of the manufacture, sale, advertising, and distribution of the Infringing Products, together with an order transferring to Plaintiff any amount found to be due to it.

L.      For interest on all amounts found to be due to Plaintiff from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or becomes due.

M.      That the Court require Defendants to notify their commercial associates, suppliers and customers, including manufacturers, wholesalers and retailers of said order.

N.      That the Court order such other, further, and different relief as the nature of this action may require and that the Court may deem just and proper.

O.      That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

Dated: December 22, 2016                    Respectfully submitted,

                                            By:  *Seth H. Ostrow*

                                            Seth H. Ostrow
                                            sho@msf-law.com

                                            MEISTER SEELIG & FEIN LLP
                                            125 Park Avenue, 7th Floor
                                            New York, NY 10017
                                            Telephone: (212) 655-3500
                                            Facsimile: (212) 655-3536

                                            *Attorney for Plaintiff*

21